IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

**CARLOS SANTOS,**

    **Movant,**

v.                                        **CIVIL ACTION NO. 2:16-05724**
                                              **(Criminal No. 2:03-00194-2)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is movant's Emergency Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 281. By Standing Order, the action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). On January 18, 2017, the magistrate judge submitted her Findings and Recommendation ("PF&R"), in which she recommended that this court deny movant's motion due to movant's Notice of Voluntary Dismissal, (see ECF No. 309), and remove this case from the court's docket. See ECF No. 312. Movant's counsel filed objections on January 31, 2017. ECF No. 313.

In accordance with the provisions of 28 U.S.C. § 636(b), movant was allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Eifert's PF&R.

The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

Movant, through counsel, objected that the magistrate judge erred in recommending dismissal under Federal Rule of Civil Procedure 41(a)(2) when movant's November 15, 2016 notice of voluntary dismissal was entered pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). See ECF No. 309. Therefore, movant's notice of dismissal "was operative at the time it was filed and may only be construed as a dismissal without prejudice." ECF No. 313 at p.3.

After reviewing the record, movant's notice of voluntary dismissal meets the criteria of Federal Rule of Civil Procedure 41(a)(1)(A)(i). ECF No. 309. Under this statute, a plaintiff may voluntarily dismiss an action without a court order if the notice of dismissal occurs "before the opposing party serves an answer or a motion for summary judgment." In this case, the United States had not filed any response to movant's § 2255 action. If Rule 41(a)(1)(A)(i) is applicable, "[u]nless the notice of stipulation says otherwise (and here it does not), the dismissal is without prejudice." FED. R. CIV. P. 41(a)(1)(B). Therefore, movant's notice of voluntary dismissal "is self-executing, i.e., it is effective at the moment the notice is filed with the clerk and no judicial approval is required." In

2

Re Matthews, 395 F.3d 477, 480 (4th Cir. 2005) (internal quotations omitted); see also Jackson v. United States, 245 F. App'x 258, 260 (4th Cir. 2007) (unpublished) ("[T]he district court order dismissing [petitioner's] § 2255 motion was void because [petitioner's] motion for dismissal under Rule 41(a)(1)(i) ended the case when the motion was filed.").

Accordingly, the court **SUSTAINS** Santos' objection and deems this action dismissed without prejudice pursuant to Rule 41(a)(1)(i). Due to this notice of voluntarily dismissal, the court directs the Clerk to remove this action from the court's active docket.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** this 5th day of July, 2018.

ENTER:

David A. Faber
Senior United States District Judge